UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| MATHEW MASON, | : | CASE NO. 1:19-cv-00822 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 41] |
| vs. | : |  |
| IVAN ROBERTS, *et al.*, | : |  |
| Defendants. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Mathew Mason, incarcerated at Grafton Correctional Institution, sues Defendants Ivan Roberts and James Wesson, Grafton corrections officers, for First Amendment retaliation.[1] Defendants move for judgment on the pleadings.[2] Plaintiff opposes.[3]

For the following reasons, the Court **GRANTS** Defendants' motion.

I.     Background

On April 12, 2019, Plaintiff Mason filed the instant suit.[4] Plaintiff claims that Defendants transferred him to a dorm-style cell despite the "no-dorm" restriction in his file in retaliation for his assisting another prisoner, Timothy West, to file a separate lawsuit against the Defendants.[5]

---

[1] Doc. 1.
[2] Doc. 41.
[3] Doc. 47.
[4] Doc. 1.
[5] *Id.* at 2, 4.

Case No. 1:19-cv-00822
Gwin, J.

Plaintiff says that his dorm bed was under a ceiling fan and there was no heat.[6] He says the conditions exacerbated a cold he had at the time that eventually developed into pneumonia.[7] As a result of this illness, Plaintiff Mason says that he had to stay at a hospital for several weeks and that he suffered permanent damage.[8]

Plaintiff brings one First Amendment violation claim for the retaliation he says he faced due to his helping West file a lawsuit.[9] Defendants respond and argue that Plaintiff Mason has not properly pleaded the protected conduct element of his claim and that Defendants are entitled to qualified immunity.[10]

## II. Discussion

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."[11] A motion under Rule 12(c) is analyzed under the same standard as motions to dismiss.[12] While the complaint does not need detailed factual allegations, it must have more than formulaic recitations of a cause of action.[13] A complaint survives "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

---

[6] *Id.* at 3.
[7] *Id.* at 4-5.
[8] *Id.* at 6.
[9] *Id.*
[10] Doc. 41.
[11] *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).
[12] *Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012).
[13] *Id.*
[14] *Id.* at 623.

Case No. 1:19-cv-00822
Gwin, J.

As stated above, Plaintiff brings a single cause of action, First Amendment retaliation.[15] To state a First Amendment retaliation claim, Mason must plead that (1) he engaged in protected conduct; (2) Defendants took an adverse action against Plaintiff Mason that "would deter a person of ordinary firmness from continuing to engage" in his protected conduct; and (3) the first two have a causal connection, "that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."[16]

Defendants argue that Plaintiff Mason's claim fails at step one, because "Mason fails to allege he was engaged in protected conduct."[17] Specifically, Defendants argue that Mason's alleged First Amendment conduct, assisting inmate West with a lawsuit, is only protected if he meets certain criteria. Defendants say Mason fails to satisfy these prerequisites.[18]

The Sixth Circuit has held that a "jailhouse lawyer" derives his right to help another inmate from the helped inmate's right to access the courts.[19] While a plaintiff claiming retaliation for assisting another inmate need not show that the assisted inmate needed assistance from that particular plaintiff, the plaintiff must plead that the assisted inmate "needed assistance and had no reasonable alternative but to seek that assistance from another prisoner."[20]

"Not every uneducated prisoner must be allowed a jailhouse lawyer."[21] And

---

[15] Doc. 1 at 6.
[16] *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).
[17] Doc. 41 at 4.
[18] *Id.* at 4-5.
[19] *Thaddeus-X*, 175 F.3d at 395.
[20] *Evans v. Vinson*, 427 F. App'x. 437, 445-46 (6th Cir. 2011).
[21]

Case No. 1:19-cv-00822
Gwin, J.

unfamiliarity with the law, on its own, does not necessarily satisfy the requirement that the assisted inmate has no other reasonable alternative for pursuing his claims.[22]

Here, Plaintiff Mason does not allege that Timothy West, the inmate he assisted with filing a lawsuit against Defendants, had no other alternative than to seek help from Plaintiff.[23] Mason states only that he is a "prison litigator, having worked in various prison law libraries for approximately 20 years" and "assists other prisoners with their litigation."[24] But this is not enough.

In his opposition, Plaintiff Mason does not argue that he satisfied the relevant pleading requirements. Instead, he argues that he should be allowed to file an amended complaint.[25] After the filing of Defendants' motion for judgment on the pleadings, Mason filed a motion for leave to amend his complaint as well as an amended complaint.[26]

Courts have allowed plaintiffs with similar pleading deficiencies to amend their pleadings to include the necessary allegations.[27] But in this case, amendment would be futile because not even Plaintiff Mason's amended complaint satisfies the pleading requirement for protected conduct. In his proposed amended complaint, Plaintiff says that Timothy West:

> [h]ad no reasonable alternative available to seeking assistance from the Plaintiff herein, as Mr. West did not have the funds with which to hire

---

[22] *Id.* at *9.

[23] *Cf. Thaddeus-X,* 175 F.3d at 396 (plaintiff jailhouse lawyer's conduct protected because assisted inmate was ignorant of the law, held in administrative segregation, and could only access legal materials that he requested by title).

[24] Doc. 1 at 4.

[25] Doc. 47.

[26] Docs. 42 and 44. The Court denied Plaintiff's motion for leave to amend his complaint in a marginal entry order. Doc. 49.

[27] *Evans,* 427 F. App'x. at 445 (reversing district court's summary judgment grant and remanding with leave to amend complaint where plaintiff failed to properly allege protected conduct); *Gibbs v. Hopkins,* 10 F.3d 373, 378-89 (6th Cir. 1993) (remanding to allow plaintiff "to amend his complaint to properly allege a constitutional claim of denial of access to the courts, including an allegation that there are no reasonable alternatives which ensure access to the courts").

Case No. 1:19-cv-00822
Gwin, J.

> counsel, and had been unable to find either pro bono or contingency counsel to take on the case, and because, although the prison facility does provide limited access to LEXIS and some limited books, the workers in the law library do not have the experience or expertise to properly draft a Complaint under 42 U.S.C. § 1983 that is capable of success, whereas the Plaintiff herein is certified as a Law Clerk and as a Paralegal, and has over 29 years of experience as a successful prison litigator . . . [28]

Plaintiff continues on to say that Ohio's prison system does not provide free attorneys and Grafton does not provide qualified prisoner law clerks in the prison's law library.[29] Plaintiff's amended complaint attaches an affidavit from West who says that he met Plaintiff Mason in the prison's law library where Mason offered to help West file his lawsuit.[30]

In essence, Plaintiff's proposed amended complaint says that West had access to the prison's law library, where Plaintiff met West, but did not have access to a free lawyer. As previously stated, a lack of legal knowledge does not by itself satisfy the protected-conduct pleading requirement and not every uneducated inmate is entitled to a jailhouse lawyer. That Mason is the only experienced litigator West could find does not mean that West could not access the courts without Mason. Because even Plaintiff's proposed amended complaint fails to allege that West had no reasonable means of accessing the courts except through Plaintiff, leave to amend would be futile.

The Court **GRANTS** Defendants' motion for judgment on the pleadings. Because the Court finds that Defendants' arguments regarding Plaintiff's failure to sufficiently plead protected conduct is dispositive, the Court declines to opine on Defendants' argument regarding qualified immunity.

---

[28] Doc. 44 at 6.
[29] *Id.*
[30] *Id.* at 9.

Case No. 1:19-cv-00822
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings and **DISMISSES** Plaintiff's claims.

IT IS SO ORDERED.

Dated:  August 7, 2020               *s/       James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE